# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-03264 PA (MAAx) | Date | June 17, 2022 |
|---|---|---|---|
| Title | Prime Alliance Bank, Inc. v. DBI Parent, LLC et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

On June 1, 2022, the Court dismissed the Complaint and granted Plaintiff leave to amend to establish federal subject matter jurisdiction. (Dkt. No.13.) The Court ordered Plaintiff to file an amended complaint no later than June 16, 2022. The Court explicitly warned Plaintiff that "[f]ailure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice." (Id.) As of today's date, Plaintiff has not filed an amended complaint.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza,

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-03264 PA (MAAx) | Date | June 17, 2022 |
|---|---|---|---|
| Title | Prime Alliance Bank, Inc. v. DBI Parent, LLC et al. | | |

291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because defendants may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991.

Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file an amended complaint by the Court's deadline. Plaintiff is represented by Counsel and is therefore well aware that the failure to file an amended complaint would result in the dismissal of Plaintiff's action for failure to prosecute. Nevertheless, Plaintiff has taken no action whatsoever. On this record, the Court finds Plaintiff has lost interest in his own lawsuit, and any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failure to prosecute and obey Court orders. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned his claims by failing to file an amended complaint in compliance with the Court's order. The Court dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this order.

IT IS SO ORDERED.